# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MEREDITH LEE SHERFIELD,         Case No. 1:08-cv-434
     Plaintiff

                                      Spiegel, J.
    vs                             Black, M.J.

ROBERT BRIGHT, et al.,            **ORDER**
     Defendants

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2).  In order to state

a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the

conduct complained of were acting under color of state law and that this conduct deprived

plaintiff of some right secured by the Constitution or laws of the United States. *Graham v.

National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*,

451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S.

517 (1984)).  Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007)

(citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and

provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.

v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against Robert Bright, Warren

Correctional Institution (WCI) Warden Wanza Jackson, WCI Correctional Officer J. Reece,

and the Cincinnati Police Criminal Division.  Plaintiff alleges that in October, 2007, he was

placed in isolation at the Warren Correctional Institution and given a "local control"

designation.  Plaintiff alleges he appealed the designation to Warden Jackson and the Central

Office of the Ohio Department of Rehabilitation and Correction.  Plaintiff states he was

transferred to another close security institution without due notice.  Plaintiff states he believes

the transfer "was retaliation due to an informal complaint filed for racial discrimination and

unethical misconduct." (Doc. 1 at 5).

Plaintiff also alleges that on June 20, 2007, his cell was left unsecured by Officer J.

2

Reece and, as a result, his personal property was stolen by his cellmate.

Plaintiff further alleges that at his criminal trial, Robert Bright falsely accused plaintiff of sexual assault.  Plaintiff states that Mr. Bright's false allegations led to mental and physical abuse, and amount to "defamation of character." (Doc. 1 at 6).

Finally, plaintiff alleges that the Cincinnati Police Criminal Division seized and destroyed his personal property without written notice.  Plaintiff seeks monetary relief. (Doc. 1 at 6).

Plaintiff's claims against Warden Jackson and Robert Bright must be dismissed as malicious because plaintiff brought identical claims against these defendants in two previous lawsuits.  *See Sherfield v. State of Ohio*, Case No. 1:08-cv-29 (S.D. Ohio Jan. 24, 2008) (Dlott, J.) (dismissing retaliation and due process claims against Warden Jackson for failure to state a claim upon which relief may be granted) (Doc. 4); *Sherfield v. State of Ohio*, Case No. 1:08-cv-258 (S.D. Ohio May 7, 2008) (Beckwith, J.) (dismissing complaint against Robert Bright for failure to state a claim for relief) (Doc. 7).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as "malicious" under the authority of 28 U.S.C. § 1915(e)(1) (2)(B)(i). *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  *See also Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000)(unpublished), 2000 W.L. 1477502, **1; *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished), 1998 WL 152778, *1.  The Court may look to its own records to determine whether a complaint repeats prior claims.  *See Crisafi v. Holland*, 655

F.2d 1305, 1309 (D.C. Cir. 1981); *Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987).  Because plaintiff seeks to raise identical claims in this action as previously disposed of in *Sherfield v. State of Ohio*, Case No. 1:08-cv-29 (S.D. Ohio Jan. 24, 2008) and *Sherfield v. State of Ohio*, Case No. 1:08-cv-258 (S.D. Ohio May 7, 2008), plaintiff's claims against defendants Warden Jackson and Robert Bright must be  dismissed with prejudice as "malicious" within the meaning of  28 U.S.C. § 1915(e)(1)(2) (B)(i).

Likewise, plaintiff's denial of due process claim concerning the loss of property from his cell was previously raised and dismissed in *Sherfield v. State of Ohio*, Case No. 1:08-cv-258 (S.D. Ohio May 7, 2008).  Although plaintiff did not name Officer Reece as a defendant in that case, his claim nevertheless fails to state a claim for relief because he has not alleged any facts even remotely indicating that his remedies under Ohio law are inadequate to redress the alleged theft of his personal property. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984).  *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984).   Therefore, his complaint fails to state a claim for relief against defendant Officer Reece.

Finally, plaintiff's complaint fails to state a claim for relief against the Cincinnati Police Criminal Division.  Plaintiff alleges that his personal property was seized and destroyed without written notice.  However, plaintiff fails to "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory*, 721 F.2d at 1066 (6th Cir. 1983).  Therefore, plaintiff's allegations are insufficient to state a claim for relief under the Due Process Clause.

Moreover, plaintiff's claim against the Cincinnati Police Criminal Division is in reality

an official capacity claim against the City of Cincinnati, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Cincinnati because municipalities are not vicariously liable for the actions of their employees under § 1983. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694).  To state a claim for relief against the City of Cincinnati for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom" of the City. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996).  *See also Polk County v. Dodson*, 454 U.S. 312 (1981)(municipal policy must be "moving force" behind constitutional deprivation).  Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that Cincinnati police officers acted pursuant to a policy or custom of the City of Cincinnati in seizing and destroying his property. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against the Cincinnati Police Criminal Division and must be dismissed.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the grounds that it is malicious and fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: August 6, 2008                                          s/S. Arthur Spiegel_____
                                                                    S. Arthur Spiegel, Senior Judge
                                                                    United States District Court